UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                           Case No.:  3:11cr37/LC

TRENTON COPELAND,
    Defendant.
    _____/

## ORDER

    This matter is before the Court following a detention hearing on a petition to revoke Defendant's supervised release.  (Doc. 534).  For the reasons below, the Court finds that detention is warranted pending a final revocation hearing because Defendant has failed to show by clear and convincing evidence that his release would not pose a danger to the community.

### I.    Background

    Defendant was convicted in 2012 of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine.  As a result of that conviction and his criminal history, Defendant was sentenced to life imprisonment.  In January of 2017, Defendant's sentence was reduced to 168 months' imprisonment followed by 10 years'

1

supervised release. Defendant began his term of supervised release on August 10, 2022.

On December 15, 2025, Defendant was arrested by the Escambia County Sheriff's Office and charged with possession with intent to distribute marijuana and possession of drug paraphernalia. Those charges stemmed from the execution of a search warrant at 7540 Oak Lake Blvd. During the execution of the search warrant at the residence (where Defendant was reportedly the sole person present), officers found over 12 pounds of marijuana, digital scales, $2,000 in cash, and materials used to package drugs for sale. Following Defendant's arrest, he posted bond in state court. Upon his release from state custody, Defendant told the U.S. Probation Office (USPO) about his arrest.

The USPO then submitted a petition to revoke Defendant's supervised release. In addition to alleging the new law violation based on Defendant's arrest, the petition alleges Defendant violated his supervised release by failing to provide notice of a change in address[1] and

---

[1] Defendant had listed his mother's address as his residence with the USPO. The Oak Lake Blvd. address where Plaintiff was found with over 12 pounds of marijuana and $2,000 in cash, was not his mother's residence (rather, it was his sister's residence). Additionally, officers with the Sheriff's Office informed the USPO that during the course of the

by frequenting a place where narcotics were present. Based on the allegations in the petition, Judge Collier issued a warrant for Defendant's arrest.

On January 13, 2026, Defendant made his initial appearance on the petition. At that time, the Government moved for detention pending the final revocation hearing. Defendant requested a detention hearing,[2] which the Court held on January 15, 2026. Both the Government and Defendant proceeded by proffer at the hearing.

## II.   Discussion

Under Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, Defendant bears the "burden of establishing by clear and convincing evidence that [he] will not flee or pose a danger to any other person or the community." Rule 32.1(a)(6) refers to 18 U.S.C. § 3143(a), which states a defendant "shall be detained" unless the defendant makes the requisite showing by clear and convincing evidence. Although a closer

---

investigation leading up to the search warrant they had surveilled Defendant at several different addresses.

[2] Defendant initially also requested a preliminary hearing. At the start of the hearing, however, Defendant withdrew his request for a preliminary hearing. Thus, the hearing proceeded solely on the issue of detention.

call than some cases, the Court finds Defendant has failed to meet that heavy burden here.

Defendant is alleged to have committed a new felony drug trafficking offense while on supervised release for committing a felony drug trafficking offense. The photographs introduced by the Government show that Defendant possessed a relatively large quantity of marijuana, along with many other tools of the drug dealer's trade (i.e., digital scales, baggies, and $2,000 in cash). Moreover, the police report introduced by the Government indicates that the search warrant and Defendant's arrest was the result of an ongoing drug trafficking investigation.

And the residence where the search warrant was executed was one that Defendant never reported to the USPO. Although Defendant proffered that he was still living with his mother at the address approved by the USPO, the Court finds Defendant's proffer on that point to be unpersuasive. Based on the other information in the record, it appears to the Court that Defendant was residing (at least on a regular basis) at the Oak Lake Blvd. address (and perhaps other locations, as reflected by the Government's introduction of a utility bill in Defendant's name for yet another address).

Defendant has proffered that he could return to live with either his mother or his sister if released.  Defendant further proffered that he has strong family support and ties to the Pensacola community.  Moreover, Defendant has stated that he would agree to home confinement and GPS monitoring if released. Ultimately, the Court does not believe the information offered by Defendant is sufficient to meet his burden of establishing by clear and convincing evidence that he would not pose a danger to the community if released.[3]  *See* Fed. R. Crim. P. 32.1(a)(6); *see also* 18 U.S.C. § 3143(a).

Defendant's history of drug trafficking and his apparent return to drug trafficking while on supervised release is highly concerning to the Court.  Although Defendant was spared from a mandatory life sentence and given the opportunity of a second chance through a rare early release, it appears as though he has chosen to return to the very type of activity that landed him in federal prison to begin with.  Moreover, it appears Defendant was engaging in felony drug trafficking while on

---

[3] The Court does find, however, that Defendant has shown by clear and convincing evidence that he does not pose a risk of flight.  He is a longtime resident of the Pensacola area, has strong family ties to this area, and he has no history of failing to appear.  Moreover, he contacted the USPO to report his arrest after being released from state custody.

conditions of release similar to those that the Court would be imposing were it to release him pending his final revocation hearing. The Court lacks confidence that if released today Defendant would not again return to drug trafficking. The Court appreciates the argument that Defendant would agree to be on home confinement and GPS monitoring if released, but neither of those conditions would prevent Defendant from doing what he was apparently doing before being arrested in this case—selling drugs from a residence.[4]

At the end of the day, the burden here (unlike the pretrial release context under 18 U.S.C. § 3142) is on Defendant to prove by clear and convincing evidence that his release would not pose a danger to the community. In other words, Defendant has to come forward with evidence that leaves the Court with an "abiding conviction" that it is

---

[4] The Court notes that one of the addresses Defendant proposes returning to if released is the Oak Lake Blvd. address where it appears he was engaging in drug trafficking. If Defendant's sister (who it sounds like is a law-abiding person) was unaware of, and/or unable to stop, Defendant from selling and storing large quantities of drugs in her house before, it is unlikely she will be able to do so if Defendant is back living in her residence.

"highly probable"[5] that he will not once again return to drug dealing (an act that endangers the community) if released. *See United States v. Roberts*, No. 1:22-cr-228, 2022 WL 11455294, at *4 (M.D. Ala. Oct. 19, 2022) (stating that the defendant's "pattern of continued involvement in drug trafficking . . . constitutes a danger to others and the community"). Unfortunately (and despite the best efforts of defense counsel), the Court is not so convinced.

Accordingly, the Court finds that Defendant should be detained pending his final revocation hearing.  Given that finding, the Court **ORDERS** that Defendant be held in the custody of the Attorney General or her designated representative pending a final revocation hearing in this matter.  The Attorney General or her designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult with counsel in private while in custody.  On order of a court of the United States or on request of an attorney for the government, the person in

---

[5] *Sensormatic Elec. Corp. v. TAG Co. US, LLC*, 632 F. Supp. 2d 1147, 1158 (S.D. Fla. 2008) (explaining what constitutes clear and convincing evidence).

charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this 16th day of January 2026.

*s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge